IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| THELMA ROBERTSON, | ) | |
| | ) | Case No. 4:06-CV-00023 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TJB ENTERPRISES, INC., AND | ) | |
| CITIFINANCIAL AUTO | ) | By: Jackson L. Kiser |
| CORPORATION, | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

The Defendant TJB's *Motion to Dismiss* Counts I, II, and V of the Plaintiff's *Complaint,* and TJB's *Motion for a More Definite Statement* are now before me. For the reasons stated below, I will deny both of TJB's *Motions.*

**I.     STATEMENT OF FACTS**

For purposes of ruling on TJB's *Motion to Dismiss*, this Court is required to "accept as true all well-pleaded allegations" and to "view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Consequently, the facts stated herein have been taken from the Plaintiff's *Complaint*.

On June 18, 2004 Thelma Robertson ("Plaintiff") contacted Bar None which is a loan organization that the Plaintiff learned of on a television commercial. Bar None took the Plaintiff's loan application over the telephone; the Plaintiff was seeking a loan to purchase an automobile. Within ten minutes of talking with Bar None on the telephone, the Plaintiff received a phone call stating that her loan was approved and that she should go to Martinsville Toyota to purchase the vehicle.

-1-

The Defendant who has brought the *Motions* now before the Court is TJB Enterprises, Incorporated ("TJB"); for purposes of this case, TJB does business under the name Martinsville Toyota. On June 19, 2004, the Plaintiff went to Martinsville Toyota, contracted to purchase a 2003 Mitsubishi Galante ("the car"), and was told to call the dealership the next day to find out if her loan was approved. On June 20, 2004, the Plaintiff contacted Martinsville Toyota and inquired about her loan application. The salesman congratulated the Plaintiff on the approval of her loan, told the Plaintiff that she needed to make a down payment, and promised the Plaintiff that the car would be delivered to her on June 23, 2004. On June 23, 2004, Martinsville Toyota contracted with the Plaintiff to sell her the car and all the conditions of the sale were fulfilled by the Plaintiff -- including the Plaintiff making a $1,000 down payment by way of trade-in.

The sale was transacted and financed by a retail installment sales contract ("the note") which listed Martinsville Toyota as the creditor and the Plaintiff as the borrower. Martinsville Toyota held legal rights in the vehicle after the transaction as a secured party pursuant to Article 9 of the Uniform Commercial Code. At that point, the Plaintiff was the owner of the car pursuant to *Virginia Code §46.2-100*. After 30 days, the Plaintiff contacted Martinsville Toyota to check the status of her permanent tags. At that time, the Plaintiff was told by Martinsville Toyota that her loan had been denied, that it would refund her down-payment, and that it would pick up the car. The Plaintiff claims that Martinsville Toyota then unlawfully took possession of her vehicle from her home over her objection.

The Plaintiff claims that TJB's actions violate the Federal *Equal Credit Opportunity Act* ("*ECOA*"), the Federal *Fair Credit Reporting Act* ("*FCRA*"), the *Virginia Consumer Protection Act* ("*VCPA*"), the *Virginia Motor Vehicle Code*, and constitute a state law tort of actual fraud.

## II. PROCEDURAL BACKGROUND

The Plaintiff filed her *Complaint* against both Citifinancial Auto Corporation and TJB Enterprises, Inc. in the Eastern District of Virginia, Richmond Division, on February 9, 2006. Citifinancial filed its *Answer* on March 7, 2006. On March 15, 2006, TJB filed a *Motion to Dismiss for Improper Venue*, a *Motion to Transfer Venue*, a *Motion for a More Definite Statement*, and a *Motion to Dismiss* Counts I, II, and V of the Plaintiff's *Complaint* pursuant to Rules 9(b), 12(b)(6), and 12(e) of the *Federal Rules of Civil Procedure*. On March 30, 2006, the Plaintiff filed a *Response* to TJB's *Motions*. On April 3, 2006, TJB filed a *Reply* to the Plaintiff's *Response*. On April 24, 2006 an *Order* was entered granting TJB's *Motion to Transfer Venue* and the case was immediately transferred to this Court – the Western District of Virginia, Danville Division. A *Pretrial Order* was entered in this case on April 26, 2006, and a hearing on its *Motions* was *Noticed* by TJB on May 9, 2006. On June 12, 2006, a hearing was held before this Court on TJB's *Motion for a More Definite Statement* pursuant to *Rule 12(e)*, and on TJB's *Motion to Dismiss* Counts I, II, and V of the Plaintiff's *Complaint* pursuant to Rules 9(b), 12(b)(6), and 12(e).

TJB has not filed an *Answer* in this case, merely the *Motions* that are now before the Court. With its *Motions* now before the Court, TJB is not challenging Count III, an alleged violation of the *Virginia Consumer Protection Act*, or Count VI, an alleged violation of Article 9 of the UCC, of the Plaintiff's *Complaint*. Furthermore, the Plaintiff's *Complaint* does not contain a Count IV due to a numbering error on the part of the Plaintiff. The Defendant Citifinancial has filed an *Answer* in this case, but has filed no *Motions*.

## III. STANDARD OF REVIEW

Dismissal of a *Complaint* pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* is proper when "the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 - 46 (1957). *See also, Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a 12(b)(6) *Motion*, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs.*, 7 F.3d at 1134.

Rule 12(e) of the *Federal Rules of Civil Procedure* states:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Rule 9(b) of the Federal Rules of Civil Procedure states:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

## IV.  DISCUSSION

### Count I – *The Equal Credit Opportunity Act*

In Count I of her *Complaint*, the Plaintiff alleges that TJB violated the *Equal Credit Opportunity Act* by failing to "provide to the Plaintiffs (a.) any accurate notice of action taken

-4-

upon Plaintiffs' applications, (b.) any accurate written notice of adverse action taken upon Plaintiffs; applications, [sic] and/or (c.) the disclosures required by the ECOA, 15 U.S.C. §1691(d)(2)(b)." (*Complaint, Page 4, Paragraph 21*).

The Plaintiff points out that under 15 U.S.C. §1691a(e), the definition of "creditor," for purposes of the *ECOA*, includes "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." In paragraph 4 of her *Complaint,* the Plaintiff expressly alleges that TJB was a creditor governed by the *ECOA*; paragraphs six (6) through ten (10) and sixteen (16) allege that TJB took substantial steps and actions to secure the Plaintiff's agreement to finance her automobile purchase, and paragraph ten (10) specifically alleges that TJB listed itself as the creditor in its credit contract.

The *ECOA* requires that a consumer be notified of an adverse action when negative actions have been taken on her credit applications or when negative actions have been taken on her existing credit agreements:

> For purposes of this subsection, the term "adverse action" means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit. *ECOA*, 15 U.S.C. §1691(d)(6).

According to 15 U.S.C. §1691a(d), "'credit' is the right granted by a creditor to an applicant to . . . purchase property or services and defer payment therefore."

The Plaintiff has alleged that TJB is a creditor, that TJB took adverse actions in denying her credit, and that TJB failed to properly notify her of these adverse actions.

TJB argues that the *ECOA* is inapplicable in this case because it did not take any adverse action upon the Plaintiff's credit application. TJB argues that the requisite definitions and requirements of *ECOA* have not been met in this case and therefore the written notice and/or disclosure requirements that the Plaintiff alleges were violated by TJB are inapplicable. As such, TJB moves to dismiss Count I of the Plaintiff's *Complaint*.

When ruling on TJB's 12(b)(6) *Motion to Dismiss* Count I of the Plaintiff's *Complaint*, I must assume that all facts alleged in the *Complaint* are true, resolve any ambiguity in favor of the Plaintiff, and consider only the pleadings and attached written exhibits.

The Plaintiff has asserted in her *Complaint* that TJB took adverse action against her; her allegations match the definition of "adverse action" as provided by 15 U.S.C. §1691(d)(6). Furthermore, the Plaintiff alleges in her *Complaint* that TJB never provided her with written notice of the alleged adverse action taken against her (a rejection of her credit). Therefore when the allegations in the *Complaint* are taken as true, and no evidence is analyzed outside the pleadings, TJB could be held liable under the *Equal Credit Opportunity Act*, 15 U.S.C. §1691(d)(2)**.**

For these reasons, I will deny TJB's *Motion to Dismiss* Count I of the Plaintiff's *Complaint* made pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

### Count II – *The Fair Credit Reporting Act*

In Count II of her *Complaint*, the Plaintiff alleges that TJB violated the *Fair Credit Reporting Act*, 15 U.S.C. §1681m, by failing "to send an adverse action notice to Plaintiff on each credit denial or termination decision." In the alternative, the Plaintiff alleges that if such notices were sent, the notices did not comply with the *FCRA*.

The Plaintiff asserts that, pursuant to 15 U.S.C. §1681m, a user of a consumer report who takes an adverse action with respect to a consumer must provide notice about the use of the credit report; notice may be given orally, in writing, or electronically. The term "adverse action" has the same definition under the *FCRA* as it does under the *ECOA* – given just above. *See*, 15 U.S.C. §1681m(k) (incorporating 15 U.S.C. §1691(d)(6)). The notice must be provided when the action is "based in whole or in part on any information in a consumer report." 15 U.S.C. §1681m(a). When the adverse action is taken based on information obtained from third parties other than consumer reporting agencies, notice to the consumer is also required, but only "upon the consumer's written request for the reasons for such adverse action received within sixty days after learning of such adverse action." 15 U.S.C. §1681m(b).

In paragraphs sixteen (16), twenty-six (26), and twenty-seven (27) of her *Complaint,* the Plaintiff alleges that TJB terminated and/or refused to perform the installment sale of the car to her. The *Complaint* also alleges that TJB repossessed the car. (*Page 4, Paragraph 15*). The Plaintiff therefore argues that TJB took an adverse action against her which was based in whole or in part on information contained in her consumer report or information obtained from third parties who were not credit reporting agencies.

As it argued with regard to the alleged *ECOA* violations in Count I, TJB reargues that the

-7-

alleged *FCRA* violations in Count II are likewise inapplicable in this case because TJB took no adverse actions against the Plaintiff with regard to the denial of her credit. TJB claims that it made no credit decisions regarding the Plaintiff. As such, TJB argues that its alleged actions, inactions, or admissions triggered no requirement to send a notice to the Plaintiff, and TJB triggered no liability under *FCRA* for either willful or negligent conduct as alleged in Count II.. TJB also points out that the Plaintiff's *Complaint* itself concedes that Citifinancial made the decisions involving financing which are subject to the *ECOA* and *FCRA*. *(Complaint, Paragraphs 17 - 19).* For these reasons, TJB moves to dismiss Count II of the Plaintiff's *Complaint.*

As above, when ruling on TJB's 12(b)(6) *Motion to Dismiss* Count II of the Plaintiff's *Complaint*, I must assume that all facts alleged in the *Complaint* are true, resolve any ambiguity in favor of the Plaintiff, and consider only the pleadings and attached written exhibits.

The Plaintiff alleges in her *Complaint* that TJB took adverse action against her; her allegations match the definition of "adverse action" as provided by 15 U.S.C. §1691(d)(6) or 15 U.S.C. §1681m(k). The Plaintiff alleges in her *Complaint* that the adverse action was based on either "information contained in consumer reports" or "information obtained from third parties other than consumer reporting agencies." *See,* 15 U.S.C. §1681m(a) and (b). The Plaintiff also alleges in her *Complaint* that TJB either failed to notify her of the adverse action altogether or failed to notify her properly pursuant to the *FCRA*. Therefore when the allegations in the *Complaint* are taken as true, and no evidence is analyzed outside the pleadings, TJB could be held liable under the *Fair Credit Reporting Act*, 15 U.S.C. §1681m.

For these reasons, I will deny TJB's *Motion to Dismiss* Count II of the Plaintiff's

-8-

*Complaint* made pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

### Count V – Fraud

In Count V of her *Complaint*, the Plaintiff claims that TJB committed fraud in its dealings with her. The Plaintiff's *Complaint* contains allegations that describe how TJB personally lied to and cheated her. Paragraphs six (6) through nine (9) of the Plaintiff's *Complaint* provide the dates of all of the sales contracts between the parties; paragraph thirty-nine (39) incorporates those allegations into Count V. Paragraph thirty-five (35) and paragraphs forty-one (41) through forty-nine (49) of the Plaintiff's *Complaint* allege that specific representations were made by TJB and those paragraphs describe the details of those alleged representations.

TJB argues that Count V should be dismissed, or at least amended, because it lacks the requisite specificity or particularity required for a claim of fraud. TJB argues that the purpose of Rule 9(b)'s "particularity requirement" or "specificity requirement" is to chill the filing of a suit merely as a means to conduct discovery, to protect the defendants from injury to reputation which may occur from a charge of fraudulent conduct; and to insure that the defendants are provided with concrete and particularized allegations, so that a proper defense can be mounted. TJB cites a Federal District Court in South Carolina for this proposition: *see*, *Pitten v. Jacobs*, 903 F. Supp. 937, 946 (D.S.C. 1995).

TJB also argues that these purposes of Rule 9(b) are "accomplished when a plaintiff alleges the time, place, and content of the false misrepresentation, the fact misrepresented and what was gained or given up as a consequence of the fraud." TJB cites a Federal District Court in the Eastern District of Virginia for this proposition: *see*, *Sweeney Co. v. Engineers-*

*Constructions, Inc*., 109 F.R.D. 358 (E.D.Va. 1986).

TJB argues that Count V of the Plaintiff's *Complaint* is conspicuously devoid of any indication of the time, place, specific phrasing, text, dialogue, language, speakers, witnesses, location, etc. of the alleged fraudulent conduct by TJB. TJB then cites the accusatory language used by the Plaintiff in her *Complaint* to assert fraud; according to the Plaintiff, TJB.

> intentionally misrepresented that it would make Plaintiff the owner of the car (*Paragraph 41*); intentionally misrepresented that it would make Plaintiff the owner of the car and/or had a then present intent to perform the Buyers Order and the Credit Contract and that it had a then present intent to execute and complete a permanent Certificate of Ownership (*P 42*); made a representation about [Plaintiff] becoming the owner of the car by signing the Buyers Order and the Credit Contract and becoming obligated under them (*P 43*); intentionally misrepresented at the time of sale that the financing contained in the Credit Contract had been approved when it had not been (*P 44*); further misrepresented that for a fee it would process the documents for Plaintiff to receive her new title and tags for her car from the Department of Motor Vehicles (*P 46)*; made the representation that it would perform these immediate services for Plaintiff (*P 48*); and [made a] misrepresentation as to its intent to perform the Department of Motor Vehicles services (*P 51*).

TJB argues that because this is all that the Plaintiff alleged in her *Complaint*, it is left to guess the specifics and particulars of the claim. TJB argues that from a procedural standpoint, a significant number of federal decisions reflect a recent trend by federal courts to enforce Rule 9(b) by dismissing challenged pleadings or striking deficient allegations. TJB cites a 1994 case from the D.C. Court of Appeals and a 2003 case from the 9th Circuit for this proposition: *see*, *Kowal v. MCI Comm., Corp*., 16 F.3d 1271 (D.C. Cir. 1994), and *Vess v. Ciba-Geigy Corp*., 317 F.3d 1097 (9th Cir. 2003). TJB concludes that the *Complaint* does not come close to meeting the "particularity and specificity requirements" of Rule 9(b), and the preferable remedy is for this Court to dismiss Count V with prejudice. In the alternative, TJB argues that this Court should grant its *Motion for a More Definite Statement* made pursuant to Rule 12(e) of the *Federal Rules*

*of Civil Procedure*.

TJB also argues that the punitive damages pled in Count V are not recoverable. TJB argues that even in those tort claims having as essential elements "fraudulent" and/or "malicious" states of mind, Virginia does not permit recovery of punitive damages except in the most limited circumstances – upon proof of a degree of aggravation in the critical state of mind above the threshold level required to establish liability for compensatory relief. *See, Sit-Set A.G. v. Universal Jet, Inc.*, 747 F.2d 921 (4th Cir. 1984). Consequently, TJB asks the Court to dismiss the Plaintiff's request for punitive damages with prejudice.

I believe the contents of Count V of the Plaintiff's *Complaint* are specific and particular enough to satisfy the charge of Rule 9(b). I believe the contents of Count V have put TJB on sufficient notice of the claims against it and have provided enough detail to empower TJB to prepare its defense against the allegations.

For these reasons, I will deny TJB's *Motion for a More Definite Statement* made pursuant to Rule 12(e) of the *Federal Rules of Civil Procedure*. Consequently, TJB's *Motion to Dismiss* Count V of the Plaintiff's *Complaint*, made on the basis that TJB has failed to meet the pleading requirements of Rule 9(b), will also be denied.

Furthermore, I will deny TJB's request to dismiss with prejudice the Plaintiff's request for punitive damages made in Count V of her *Complaint*. TJB is correct that it is difficult to obtain punitive damages under state tort law, and that an award of punitive damages must bear some relation to the amount of pecuniary damages. However, the Plaintiff has provided, in paragraphs fifty-one (51) and fifty-two (52) of her *Complaint,* a list of pecuniary losses that she has allegedly suffered as a result of TJB's alleged fraud. The Plaintiff has adequately alleged a

basis for pecuniary damages in her *Complaint*, and such damages could provide a foundation from which an award of punitive damages, if otherwise appropriate, could be made.

For these reasons, I will deny TJB's request to dismiss with prejudice the Plaintiff's request for punitive damages that is embodied in Count V of her *Complaint.*

## V. CONCLUSION

For the reasons stated above, TJB's *Motion to Dismiss* Counts I, II, and V of the Plaintiff's *Complaint* will be denied, and TJB's *Motion for a More Definite Statement* will be denied.

The Clerk of the Court is hereby directed to send a certified copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record.

Entered this 16th day of June, 2006.

                                                       s/Jackson L. Kiser
                                                       Senior United States District Judge