CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 8 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
~~Roanoke~~ Division
D'ville

| | |
|---|---|
| THELMA ROBERTSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 4:06cv00023 |
| | ) |
| CITIFINANCIAL AUTO CORP., et al., | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on defendants' motion for a continuance of the trial date and an extension of time to complete discovery and plaintiff's motion to exclude evidence. A telephone hearing was held on December 8, 2006.

### I.

Defendants contend that they need a continuance of the trial date because plaintiff's deposition was not taken until December 1, 2006,[1] despite efforts to take the deposition in late November, and now additional time is needed to prepare and file a motion for summary judgment. Plaintiff counters that regardless of whether plaintiff's deposition was taken in late November or early December, defendants could not comply with the deadlines imposed in the Pre-trial Scheduling Order for the filing of a Rule 56 motion.

This matter was transferred to this court on April 26, 2006, and discovery and Rule 56 motions deadlines were set the same day. To state the obvious, neither party has acted with dispatch in completing discovery in this case. Rather, it appears that the defendants waited months and months before undertaking any discovery, hurrying only at the very end of the

---

[1] Because plaintiff's deposition has now been taken, defendants motion to compel is **DENIED as Moot**.

discovery period. Defendants offered no reasonable excuse for their delay in taking the plaintiff's deposition. Accordingly, it is hereby

**ORDERED**

that defendants' motion for a continuance of the trial date and an extension of time to complete discovery is **DENIED**.

**II.**

As to plaintiff's motion to exclude, she argues that defendants responded to her written discovery with objections only, and supplemented their response only after plaintiff filed a motion to exclude. Plaintiff contends that defendants' supplementation was so late in the discovery period that her ability to take meaningful discovery has been thwarted. Following plaintiff's motion to exclude, but only two days before the discovery deadline, defendants filed a second set of witness disclosures, identifying Steven Wheeler, located in Irving, Texas, and Barbara Jackson, located in Roanoke, Virginia, as witnesses. Following the discovery deadline, defendants identified a third witness, an employee of a third party vendor in South Dakota. Defendants argue that they substantially complied with the Pre-trial Scheduling Order because they filed a supplemental response to plaintiff's discovery and identified Wheeler and Jackson prior to the discovery deadline. Further, defendants argue that the South Dakota witness named subsequent to the discovery deadline was provided at plaintiff's request.

Again this case has not been handled in an expeditious or timely fashion. In the interests of justice, however, the plaintiff's motion to exclude is **DENIED except** as to as the South Dakota witness identified for the first time after the discovery deadline. Plaintiff **shall be** afforded the opportunity to conduct an in-person deposition of Barbara Jackson and a telephonic

2

Case 4:06-cv-00023-JLK-mfu   Document 46   Filed 12/08/06   Page 2 of 3   Pageid#: 220

deposition of Steven Wheeler beyond the discovery period. Should the plaintiff prefer to take the deposition of Mr. Wheeler in-person on the day before trial is scheduled, plaintiff may do so. However, plaintiff should understand that any problems associated with this election will not result in the continuance of this case.

Enter this 8th day of December, 2006.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge

3